[No. 53257-0-I.   Division One.   December 20, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. SHELTON R. MUSGRAVE, *Appellant*.

*Jeffrey E. Ellis* (of *Ellis Holmes & Witchley, P.L.L.C.*), for appellant.

*Norm Maleng*, *Prosecuting Attorney*, and *Deborah A. Dwyer*, *Deputy*, for respondent.

¶1 AGID, J. — Shelton Musgrave appeals his sentence for first degree murder. He argues that because we declared the applicable sentencing statute unconstitutional in another case, the sentencing court did not have to impose the minimum sentence that statute mandates for first degree murder. But we invalidated only the early release portion of the sentencing statute, holding that it violated article II, section 19 of Washington's Constitution. Because the statute's provision mandating a minimum sentence for first degree murder does not violate article II, section 19, the trial court did not have the discretion to impose a sentence below the statutory minimum. We affirm.

## FACTS

¶2 In April 1999, Shelton Musgrave, Jay Stewart, and Michael Caffee fatally beat and stabbed David Ballenger, a homeless man. Musgrave was 18 years old at the time and had no prior criminal convictions. Musgrave's codefendants, Stewart and Caffee, eventually pleaded guilty to second degree murder and first degree manslaughter, respectively. Musgrave went to trial. In July 2000, a jury convicted him of first degree murder while armed with a deadly weapon.

¶3 At sentencing, the State recommended that Musgrave receive 264 months' confinement, as required by statute. The trial court observed that Stewart received only 204 months' confinement, even though he and Musgrave were equally culpable. The court concluded that imposing different penalties upon equal participants simply because Stewart pleaded guilty while Musgrave exercised his right to a trial would violate Musgrave's equal protection rights. It sentenced Musgrave to 199 months' imprisonment, and the State appealed.

¶4 On appeal, we remanded the case for resentencing, holding that there was a rational basis for different sentences, and the trial court erred by imposing a sentence

below the statutory range.[1] On remand, the trial judge sentenced Musgrave to 264 months' confinement, stating that he wanted to impose his original sentence but did not have authority to do so. The 264 month sentence combined the statutorily-mandated 240 months plus 24 months for the weapon enhancement. Musgrave now appeals the 240 month sentence, arguing that the trial court had the discretion to impose a lesser penalty.

## DISCUSSION

¶5 Musgrave's 240 month sentence was mandated by the statutory minimum set out in RCW 9.94A.120(4) (1999).[2] This subsection states, in part, that courts must sentence offenders convicted of first degree murder to a mandatory minimum of at least 20 years' confinement. Musgrave argues that the statute did not bind the trial court because we declared it unconstitutional in *State v. Cloud*.[3] We reject this argument because it incorrectly interprets the *Cloud* decision.

¶6 RCW 9.94A.120 prescribes minimum sentences for some convicted felons. Subsection four of that statute provides that: (1) persistent offenders shall be sentenced to life without the possibility of parole; (2) an offender convicted of first degree murder must be sentenced to at least 20 years' confinement; (3) an offender convicted of first degree assault or first degree assault of a child, where the offender used deadly force, must be sentenced to at least 5 years' confinement; (4) an offender convicted of first degree rape must be sentenced to at least 5 years' confinement; (5) these terms are mandatory; and (6) offend-

---

[1] *State v. Caffee*, 117 Wn. App. 470, 482, 68 P.3d 1078 (2002), *review denied*, 149 Wn.2d 1023, 72 P.3d 762, *cert. denied*, 540 U.S. 1059 (2003).

[2] *See* RCW 9.94A.345 ("Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed.").

[3] 95 Wn. App. 606, 976 P.2d 649 (1999).

ers subject to this subsection are not eligible for any form of early release.[4]

¶7 In *Cloud*, we examined only the provision of RCW 9.94A.120(4) precluding certain offenders' eligibility for early release time. Darrell Cloud had been convicted of first degree murder. Applying RCW 9.94A.120(4), the trial court sentenced Cloud to the mandatory minimum of 20 years and precluded him from earning early release time. Cloud appealed, arguing that the statutory scheme foreclosing eligibility for early release was unconstitutional. We agreed, holding that the statute violated article II, section 19 of the Washington Constitution.[5]

¶8 Article II, section 19 of the Constitution provides that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." This rule has two purposes. The first is to "prevent 'logrolling,' or pushing legislation through by attaching it to other necessary or desirable legislation." The second purpose is to assure that legislators and the public are aware of what proposed laws provide.[6] This rule applies to both bills and ballot initiatives.[7]

¶9 In 1994, two portions of RCW 9.94A.120(4) were enacted by Initiative 593.[8] The initiative added the requirement that persistent offenders be sentenced to life without parole and the provision prohibiting certain offenders, including first time offenders, from accruing early release time.[9] But Initiative 593's ballot title addressed only the first (three-strikes) provision. It stated "Shall criminals who are convicted of 'most serious offenses' on three occa-

---

[4] In 2001, RCW 9.94A.120 was altered and recodified. *See* RCW 9.94A.505; Laws of 2001, ch. 10, § 6.

[5] *Cloud*, 95 Wn. App. at 618.

[6] *State v. Thorne*, 129 Wn.2d 736, 757, 921 P.2d 514 (1996) (citing *Flanders v. Morris*, 88 Wn.2d 183, 187, 558 P.2d 769 (1977); *Wash. Fed'n of State Employees v. State*, 127 Wn.2d 544, 552, 901 P.2d 1028 (1995)).

[7] *Id.*

[8] *See* Laws of 1994, ch. 1, § 2.

[9] *See* RCW 9.94A.120(4) (1999); Laws of 1994, ch. 1, § 2; *Cloud*, 95 Wn. App. at 616.

sions be sentenced to life in prison without parole?"[10] Because this title is restrictive,[11] any provisions in the law that *do not* relate to that ballot title are invalid.[12] Therefore, in *Cloud*, we invalidated the portion of RCW 9.94A-.120(4) that eliminates early release eligibility for even first time offenders because it was not included in Initiative 593's ballot title.[13]

¶10 Musgrave argues that our holding in *Cloud* invalidates *all* of RCW 9.94A.120(4), including the mandatory minimum sentence for first degree murder. He points out that we wrote: "We hold that RCW 9.94A.120(4) violates article II, section 19 of the Washington Constitution and cannot be enforced."[14] While this holding taken in isolation supports Musgrave's argument, the remainder of the opinion clearly does not. We discussed and invalidated only that portion of the statute that exceeded the scope of Initiative 593's title. We did not address in *Cloud* the portion of the statute that Musgrave now challenges—the mandatory minimum sentence for first degree murder—because it was not enacted as part of Initiative 593. In fact, the mandatory minimum sentence for first degree murder was enacted by the legislature in 1981—13 years before the persistent offender and early release provisions were added to the statute by initiative.[15]

¶11 Our decision in *Cloud* does not apply to the first degree murder mandatory minimum provision in RCW 9.94A.120(4).[16] Further, the 1997 reenactment of the stat-

[10] *See Thorne*, 129 Wn.2d at 757.

[11] *Id.* at 758 ("The title of Initiative 593 is restrictive in that it refers only to criminals who have committed serious offenses on three occasions.").

[12] *Cloud*, 95 Wn. App. at 618.

[13] *Id.* at 616-18.

[14] *Id.* at 618.

[15] *See* LAWS OF 1981, ch. 137, § 12.

[16] The transcript from Musgrave's resentencing indicates confusion about what the *Cloud* court meant when it said, "We hold that RCW 9.94A.120(4) violates article II, section 19 of the Washington Constitution and cannot be enforced." For

ute under the heading "AN ACT relating to sex offenses"[17] does not render the mandatory minimum provision unconstitutional because the 1997 reenactments and amendments related only to sex offenses and in no way altered the mandatory minimum sentence for first degree murder.[18] The trial court was required to sentence Musgrave to the statutory minimum for first degree murder as required by RCW 9.94A.120(4).

¶12 We affirm.

COLEMAN and GROSSE, JJ., concur.

example, at one point during the proceeding, the trial judge stated, "it seems to me that it's certainly a fair and appropriate and absolutely professionally correct to take this back up to Division 1 and say to Judge Agid and Judges Cox and Grosse . . . share with me, please, what you meant by this."

[17] LAWS OF 1997, ch. 340, § 1.

[18] *See* LAWS OF 1997, ch. 340, § 2; LAWS OF 1996, ch. 275, § 2; LAWS OF 1996, ch. 215, § 5; LAWS OF 1996, ch. 199, § 1; LAWS OF 1996, ch. 93, § 1.